Gardiner, J.
 

 delivered the opinion of the court. The evidence offered by the defendants to prove “.that the work was done in the best and most careful manner,” was deemed by the court below relevant on the question of damages. The action was case. The declaration lays no foundation for exemplary damages ; it does not aver that the injury was wilful, or even that it arose from the negligence of the defendants. No claim to them was made upon the trial, and the jury were expressly instructed to limit their verdict to a compensation for the actual injury sustained by the plaintiff.
 

 If the plaintiff’s windows were darkened one half the day, the inconvenience to him would be the same whether the light was obstructed by accident or design, with an intent to injure him or from an anxious wish to preserve his property. The actual damage to the plaintiff would be the same whatr ever might be the motive for the act which caused it.
 

 How the defendants performed their work was in this view of no consequence : what they did to the plaintiff’s injury was the sole question. And upon that issue the evidence offered was calculated to mislead instead of enlightening the jury.
 
 *165
 

 (Hoyt
 
 v.
 
 Gelston,
 
 13
 
 John. R.
 
 152;
 
 Conrad
 
 v.
 
 Pacific Insurance Co.
 
 6
 
 Peters,
 
 262, 282; 3
 
 id.
 
 69; 10
 
 id.
 
 80, 86.)
 

 We therefore think the common pleas right in excluding it and that the judgment of the supreme court must be reversed.
 

 Judgment reversed.1