MARY SULLIVAN, as Administratrix of ANNIE E. HARTEN, Deceased, Respondent, *v.* CARROLL DUNHAM, THEODORE H. DINKEL and PHILIP JEWELL, Appellants.

PERSONAL INJURY TO ONE TRAVELING ON A PUBLIC HIGHWAY, OCCA-SIONED BY EXPLOSION OF BLAST UPON ABUTTING LAND.  One who, for a lawful purpose and without negligence or want of skill, explodes a blast upon his own land and thereby causes a piece of wood to fall upon a person lawfully traveling in a public highway, is liable as a trespasser for the injury thus inflicted, and in an action brought against him to recover damages for the death of the person injured, it is not essential for the plaintiff to establish negligence or want of skill in order to make out a cause of action.

*Sullivan* v. *Dunham,* 35 App. Div. 342, affirmed.

(Argued December 13, 1899; decided January 9, 1900.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 15, 1898, unanimously affirming a judgment entered upon a verdict in favor of the plaintiff.

On the 10th of June, 1895, Annie E. Harten, the plaintiff's intestate, a young lady nineteen years of age, while traveling on a public highway near the village of Irvington, in the county of Westchester, was killed by a blow from a section of a tree which fell upon her, after it had been hurled more than four hundred feet by a blast.  The defendants, Dinkel and Jewell, as copartners, had been employed by the defendant Dunham, the owner of a tract of rough land, to blast out certain trees standing upon it.  On the south side of the tract, about three hundred feet from the nearest point of

the highway in question, there was a large living elm tree, from sixty to seventy feet in height, between which and the highway was some woodland. Dynamite was placed under the roots of this tree and exploded, shattering it and throwing a section of the stump over the intervening forest, a distance of four hundred and twelve feet, to a point in the highway where the plaintiff's intestate was traveling. She was struck by it with such force as to cause her death within a few hours. This action was brought to recover damages for the benefit of the next of kin on account of the death of the plaintiff's intestate, caused, as alleged, by the wrongful act of the defendants. Notwithstanding their objection and exception, the case was submitted to the jury on the theory that it was not essential for the plaintiff to establish negligence in order to make out a cause of action. The judgment rendered in favor of the plaintiff upon the first trial was reversed by the Appellate Division on account of erroneous rulings (10 App. Div. 438), but the judgment rendered in her favor upon the second trial was unanimously affirmed, and the defendants, having first obtained leave, now come here.

*Isaac N. Mills* for appellants. The gravamen of this action is negligence. No recovery can be had against any defendant except upon proof of negligence, for which such defendant is legally responsible. (*Donohue* v. *S. & E. S. Ry. Co.*, 11 App. Div. 526; *Roemer* v. *Striker*, 142 N. Y. 136; *Reed* v. *McConnell*, 133 N. Y. 434; *Romeyn* v. *Sickles*, 108 N. Y. 650; *Martin* v. *Pettit*, 117 N. Y. 122; *Berg* v. *Parsons*, 90 Hun, 268; *French* v. *Vix*, 143 N. Y. 90; *Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267; *Herrington* v. *Vil. of Lansingburgh*, 110 N. Y. 145.) The trial court erred in important rulings upon questions of evidence, and in a vital part of his charge, upon the issue of defendant's negligence. (*Benoit* v. *T. & L. R. R. Co.*, 154 N. Y. 223; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 460; *Dyer* v. *E. Ry. Co.*, 71 N. Y. 228.)

*Sumner B. Stiles* and *Francis L. Wellman* for respondent. As it appears by the record that the affirmance by the Appel-

late Division of the judgment entered upon the verdict of the jury was unanimous, the Court of Appeals is compelled by the Constitution and the statute to presume that there was sufficient evidence to sustain the facts found by the jury, that the relation between the defendant Dunham and the co-defendants Dinkel and Jewell was that of master and servant, and that the plaintiff's intestate was free from contributory negligence and that the injury was produced by the affirmative misfeasance of both Dinkel and Jewell. (*Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Kaplan* v. *N. Y. B. Co.*, 151 N. Y. 171; *People ex rel.* v. *Barker*, 152 N. Y. 417; *People* v. *Helmer*, 154 N. Y. 596; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254.) As it was not disputed that the death of the plaintiff's intestate was caused by the blast in question, the trial justice properly excluded from the consideration of the jury the question of the defendants' negligence. The defendants were clearly liable for causing this direct injury and trespass upon the right of the plaintiff's intestate to pass along the public highway without being molested in her enjoyment of her lawful possession thereof for the purpose of traveling thereon. (*Hay* v. *Cohoes Co.*, 2 N. Y. 159; *Tremain* v. *Cohoes Co.*, 2 N. Y. 163; *Losee* v. *Buchanan*, 51 N. Y. 476; *Marvin* v. *B. I. M. Co.*, 55 N. Y. 538; *St. Peter* v. *Denison*, 58 N. Y. 416; *Jutte* v. *Hughes*, 67 N. Y. 267; *Heeg* v. *Licht*, 80 N. Y. 579; *Mairs* v. *M. R. E. Assn.*, 89 N. Y. 498; *Bohan* v. *P. J. G. L. Co.*, 122 N. Y. 18; *Benner* v. *A. D. Co.*, 134 N. Y. 156.)

VANN, J. The main question presented by this appeal is whether one who, for a lawful purpose and without negligence or want of skill, explodes a blast upon his own land and thereby causes a piece of wood to fall upon a person lawfully traveling in a public highway, is liable for the injury thus inflicted?

The statute authorizes the personal representative of a decedent to "maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's

death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." (Code Civ. Pro. § 1902.) It covers any action of trespass upon the person, which the deceased could have maintained if she had survived the accident. Stated in another form, therefore, the question before us is whether the defendants are liable as trespassers.

This is not a new question, for it has been considered, directly or indirectly, so many times by this court that a reference to the earlier authorities is unnecessary. In the leading case upon the subject, the defendant, in order to dig a canal authorized by its charter, necessarily blasted out rocks from its own land with gunpowder, and thus threw fragments against the plaintiff's house, which stood upon the adjoining premises. Although there was no proof of negligence, or want of skill, the defendant was held liable for the injury sustained. All the judges concurred in the opinion of GARDINER, J., who said: "The defendants had the right to dig the canal. The plaintiff the right to the undisturbed possession of his property. If these rights conflict, the former must yield to the latter, as the more important of the two, since, upon grounds of public policy, it is better that one man should surrender a particular use of his land, than that another should be deprived of the beneficial use of his property altogether, which might be the consequence if the privilege of the former should be wholly unrestricted. The case before us illustrates this principle. For if the defendants in excavating their canal, in itself a lawful use of their land, could, in the manner mentioned by the witnesses, demolish the stoop of the plaintiff with impunity, they might, for the same purpose, on the exercise of reasonable care, demolish his house, and thus deprive him of all use of his property. The use of land by the proprietor is not therefore an absolute right, but qualified and limited by the higher right of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motives

of the aggressor. * * * He may excavate a canal, but he
cannot cast the dirt or stones upon the land of his neighbor,
either by human agency or the force of gunpowder. If he
cannot construct the work without the adoption of such
means, he must abandon that mode of using his property, or
be held responsible for all damages resulting therefrom. He
will not be permitted to accomplish a legal object in an unlaw-
ful manner." (*Hay* v. *Cohoes Co.*, 2 N. Y. 159.)

This case was followed immediately by *Tremain* v. *Cohoes
Co.* (2 N. Y. 163), a similar action against the same defend-
ant, which offered to show upon the trial "that the work was
done in the best and most careful manner." It was held that
the evidence was properly excluded because the manner in
which the defendant performed its work was of no conse-
quence, as what it did to the plaintiff's injury was the sole
question.

These were cases of trespass upon lands, while the case
before us involves trespass upon the person of a human being,
when she was where she had the same right to protection from
injury as if she had been walking upon her own land. As the
safety of the person is more sacred than the safety of prop-
erty, the cases cited should govern our decision unless they are
no longer the law.

The *Hay* case was reviewed by the Commission of Appeals
in *Losee* v. *Buchanan* (51 N. Y. 476, 479), where it was held
that one who, without negligence and with due care and
skill, operates a steam boiler upon his own premises, is not
liable to his neighbor for the damages caused by the explosion
thereof. That was not a case of intentional but of accidental
explosion. A tremendous force escaped, so to speak, from the
owner, but was not voluntarily set free. The court, com-
menting upon the *Hay* case, said : " It was held that the
defendant was liable for the injury, although no negligence or
want of skill in executing the work was alleged or proved.
This decision was well supported by the clearest principles.
The acts of the defendant in casting the rocks upon plain-
tiff's premises were direct and immediate. The damage was

the necessary consequence of just what the defendant was doing, and it was just as much liable as if it had caused the rocks to be taken by hand, or any other means, and thrown directly upon plaintiff's land."

The *Hay* case was expressly approved and made the basis of judgment in *St. Peter* v. *Denison* (58 N. Y. 416), where a blast, set off by a contractor with the state in the enlargement of the Erie canal, threw a piece of frozen earth against the plaintiff when he was at work upon the adjoining premises for the owner thereof. In holding the contractor liable the court said: " Even if it should be conceded that the defendant had the right, from being a contractor with the state, to do all that which the state might do, in the progress of the work; I do not think that this would justify him, in the state of facts which this case presents, in casting material upon the premises of a private owner, upon which the plaintiff was lawfully engaged. The state could not intrude upon the lawful possession of a citizen, save in accordance with law. Unless authorized by law so to do, the casting of a stone from the bed of the canal upon the land of an adjoining proprietor, either by the state or an individual, was a trespass. (*Hay* v. *Cohoes Co.*, 2 N. Y. 159.) * * * Nor can the defendant protect himself from liability, for that his act of blasting out the rock with gunpowder was necessary; and hence, that the effects of it upon the adjacent premises were an unavoidable result of a necessary act. The case of *Hay* v. *Cohoes Co.* (*supra*) shows that unless there is a right to the use of the adjacent lands for the purposes of the work, it matters not that the mode adopted of carrying on the work was necessary. * * * It follows, then, that the defendant having no right to invade the premises, which, for the purposes of this case, were the possession of the plaintiff, it matters not whether or no he made his invasion without negligence. (*Tremain* v. *Cohoes Co.*, 2 N. Y. 163; *Pixley* v. *Clark*, 35 id. 520.) "

This case is analogous to the one before us, because the person injured did not own the land upon which he stood when struck, but he had a right to stand there the same as the

plaintiff's intestate had a right to walk in the highway. We see no distinction in principle between the two cases.

In *Mairs* v. *Manhattan Real Estate Association* (89 N. Y. 498, 505) the defendant was held liable without proof of negligence for making an excavation upon his own land, through which, during a heavy rain, water found its way into the cellar of the adjoining owner, although the excavation was made under a license from the municipal authorities. Rapallo, J., speaking for all the judges, said : " The rights of the parties in such a case do not depend upon the same principles as in cases where the wrong complained of consists of an interference with a public highway to the injury of the traveling public, but upon the principle of *Hay* v. *Cohoes Co.* (2 N. Y. 159), *St. Peter* v. *Denison* (58 N. Y. 416), and *Jutte* v. *Hughes* (67 N. Y. 267), in which it is held that where one is making improvements on his own premises, or without lawful right, trespasses upon or injures his neighbor's property by casting material thereon, he is liable absolutely for the damage, irrespective of any question of care or negligence. A license from the municipal authorities cannot affect the question of responsibility in such cases."

When the injury is not direct, but consequential, such as is caused by concussion, which, by shaking the earth, injures property, there is no liability in the absence of negligence. Thus in *Benner* v. *Atlantic Dredging Co.* (134 N. Y. 156) a contractor with the United States government, in doing work required by his contract, injured property by concussion only and without casting any material upon the premises of the plaintiff. It was held that there could be no recovery without proof of negligence. The Second Division of this court in deciding that case said : " This is not a case of taking private property, or of direct, but is, of consequential injury. The plaintiff's house was 3,000 feet distant from the place of the explosions. The injuries to it were caused by the shaking of the earth or pulsations of the air, or both, resulting from the explosion. There was no physical invasion of the plaintiff's premises by casting stones or earth or other substances

upon them, as in *Hay* v. *Cohoes Co.* (2 N. Y. 159), *Tremain* v. *Cohoes Co.* (2 N. Y. 163), and *St. Peter* v. *Denison* (58 N. Y. 416), and, hence, no going outside of the authority actually conferred and conferrable as in those cases.  *  *  * One cannot confine the vibration of the earth or air within enclosed limits, and hence it must follow that if in any given case they are rightfully caused, their extension to their ultimate and natural limits cannot be unlawful, and the consequential injury, if any, must be remediless."

The facts were similar in *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267), where it was "not claimed that any rock or materials were thrown by the blasts upon the plaintiff's lot." While it did not appear in what particular way the injury was produced, it was inferred "that it was caused by the jarring of the ground or the concussion of the atmosphere created by the explosions, or by both causes combined." It was held that the charge of the trial judge, that "it made no difference whether the work was done carefully or negligently," was erroneous, and the judgment was reversed for that reason. All the judges concurred in saying, "We have found no case directly in point upon the interesting and important practical question involved in this appeal. It was held in the leading case of *Hay* v. *Cohoes Co.*, that the right of property did not justify the owner of land in committing a trespass on the land of his neighbor by casting rocks thereon in blasting for a canal on his own land for the use of his mill, although he exercised all due care in executing the work. In that case there was a physical invasion by the defendant of the land of the plaintiff. This the court held could not be justified by any consideration of convenience or necessity connected with the work in which the defendant was engaged. In the conflict of rights the court considered that public policy required that the right of the defendant to dig the canal on his own land must yield to the superior right of the plaintiff to be protected against an invasion of his possession by the act of the defendant. *  *  * The defendant here was engaged in a lawful act. It was done on its own land to fit it for a lawful business. It

was not an act which, under all circumstances, would produce injury to his neighbor, as is shown by the fact that other buildings nearby were not injured. The immediate act was confined to its own land, but the blasts, by setting the air in motion, or in some other unexplained way, caused an injury to the plaintiff's house. * * * The blasting was necessary, was carefully done, and the injury was consequential. There was no technical trespass. Under these circumstances, we think, the plaintiff has no legal ground of complaint."

The *Hay* case has been repeatedly cited by this court, but has never been overruled or even criticised, so far as we have discovered. (*Radcliff* v. *Mayor*, 4 N. Y. 195, 199 ; *Pixley* v. *Clark*, 35 N. Y. 520, 523 ; *Jutte* v. *Hughes*, 67 N. Y. 267, 273 ; *Heeg* v. *Licht*, 80 N. Y. 579, 583 ; *Bohan* v. *Port Jervis Gas Light Co.*, 122 N. Y. 18, 26.) It has been several times distinguished from cases to which it clearly did not apply, such as that class where the injury was not direct but consequential, of which illustrations have already been given. It has also been distinguished, if that word may be used to point out differences between cases which rest upon wholly different principles, in that line of authorities which hold that where the work is not bound to produce injury and is done wholly by an independent contractor, with no control by the owner, the former only is liable. We cite, as an example of this class, *McCafferty* v. *Spuyten Duyvil & P. M. R. R. Co.* (61 N. Y. 178), where it was held that the defendant was not chargeable with the negligent acts of another in doing work upon his lands unless he stands in the character of employer to the one guilty of the negligence, or unless the work as authorized by him would necessarily produce the injuries complained of, or they are occasioned by the omission of some duty incumbent upon him. It is said in the prevailing opinion that "the case of *Hay* v. *Cohoes Co.* (2 Comst. 159), is not an authority, and has never been regarded as an authority upon the questions involved in this case. It was there assumed that the persons who caused the injuries complained of were the agents and servants of the defendants, and the only question

considered in the Court of Appeals was, whether the defendants could be made liable without the proof of negligence."

*Pack* v. *City of New York* (8 N. Y. 222); *Kelly* v. *City of New York* (11 N. Y. 432); *Herrington* v. *Vil. of Lansingburgh* (110 N. Y. 145); *Roemer* v. *Striker* (142 N. Y. 134); *French* v. *Vix* (143 N. Y. 90), and *Berg* v. *Parsons* (156 N. Y. 109) were of like character, and turned upon the liability of an independent contractor, as distinguished from that of the owner, and in some of them also the injuries were indirect and consequential, having been caused by concussion or vibration. *Driscoll* v. *Newark, etc., Co.* (37 N. Y. 637) was tried and decided on the theory of negligence, and as the recovery was simply sustained on that ground, without considering the subject of trespass, which, for some reason, was kept out of the case, it has no bearing upon the question before us.

*Marvin* v. *Brewster Iron Mining Co.* (55 N. Y. 538) is also relied upon by the appellants. In that case the plaintiff's grantor had purchased a house standing over a mine, which, with the right to work it, had been reserved. It was held that the plaintiff could not enjoin his grantor from blasting in the mine at night, so as to disturb those sleeping in the house. The *Hay* case was distinguished, because the plaintiff therein "had the right of undisturbed possession of his property," whereas in the *Marvin* case his right was subject to that of the defendant to work its mine in the usual way, which was the sole use it could make of its property, and to which use the plaintiff, through his grantor, had expressly assented. When there is a conflict of rights public policy requires one to give up the right of a particular use rather than permit him by such use to destroy his neighbor's property altogether. In the case cited, however, the particular use was the only one possible, and the right to that use was imposed as "a serious servitude" upon the surface land, which was all that belonged to the plaintiff.

We think that the *Hay* case has always been recognized by this court as a sound and valuable authority. After standing for fifty years as the law of the state upon the subject it should

not be disturbed, and we have no inclination to disturb it. It rests upon the principle, founded in public policy, that the safety of property generally is superior in right to a particular use of a single piece of property by its owner. It renders the enjoyment of all property more secure by preventing such a use of one piece by one man as may injure all his neighbors. It makes human life safer by tending to prevent a landowner from casting, either with or without negligence, a part of his land upon the person of one who is where he has a right to be. It so applies the maxim of *sic utere tuo* as to protect person and property from direct physical violence, which, although accidental, has the same effect as if it were intentional. It lessens the hardship by placing absolute liability upon the one who causes the injury. The accident in question was a misfortune to the defendants, but it was a greater misfortune to the young woman who was killed. The safety of travelers upon the public highway is more important to the state than the improvement of one piece of property, by a special method, is to its owner. As was said by the Supreme Court of Indiana, in following the *Hay* case: " The public travel must not be endangered to accommodate the private rights of individuals." ( *Wright* v. *Compton*, 53 Ind. 337.)

We think the courts below were right in holding the defendants liable as trespassers, regardless of the care they may have used in doing the work. Their action was a direct invasion of the rights of the person injured, who was lawfully in a public highway, which was a safe place until they made it otherwise by throwing into it the section of a tree.

We find no reversible error in the record before us. While the complaint suggests negligence as the gravamen of the action, it was tried upon the theory of trespass, and no ruling was made, or exception taken, which raised any question as to the scope of the pleadings, or suggested the propriety of a motion for leave to amend. We can consider no objection unless it was taken upon the trial and saved by an exception. (*Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437.) Moreover, if every allegation relating to negligence were struck

from the complaint, it would still set forth a cause of action in trespass.

The question whether the defendants, Dinkel and Jewell, were independent contractors was settled by the jury, and after unanimous affirmance by the Appellate Division, is beyond our power of review. (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219.) There is no exception relating to the admission of evidence, or to the charge of the court, which requires a reversal.

The judgment is right and should be affirmed, with costs.

All concur, except GRAY, J., not voting.

Judgment affirmed.