The judgment and conviction should be reversed and a new trial granted.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; O'BRIEN and VANN, JJ., concur, except as to the point last discussed in the opinion, as to which they express no opinion.

Judgment of conviction reversed, etc.

---

CORNELIA B. PAGE, Appellant, v. JAMES DEMPSEY, Respondent.

NEGLIGENCE — ACTION TO RECOVER FOR INJURIES CAUSED TO PROPERTY BY IMPROPER AND NEGLIGENT USE OF EXPLOSIVES IN BLASTING — PLEADING — PARTIES — ERRONEOUS NONSUIT. Where the complaint, in an action brought by the owner of an apartment house to recover for damages caused to her property by blasting upon the adjoining lot, alleges that the defendant was a contractor engaged in such work, and that by his improper manner of conducting the blasting and by the use of unnecessary and unreasonable quantities of explosives defendant caused much injury to plaintiff's house and property by the vibration or jarring of the earth or air resulting from such improper and unlawful blasting, the allegation that the defendant was the contractor is immaterial, and it is reversible error, therefore, to dismiss the complaint on the merits, upon the ground that the wrong person had been sued, as the contractor was the defendant's son, the defendant acting merely as a volunteer superintendent for the purpose of helping his son, where it is established, not only by the weight of evidence, but by what must be regarded as the uncontradicted evidence, that the defendant was in charge of the work, having the direction and control thereof. If the work of blasting was so negligently and improperly performed as to have caused the injury to plaintiff's house, all the persons engaged therein are to be regarded as joint tort feasors, and each is severally liable, so that the action is properly brought against the defendant, as in charge of the work of blasting, even if acting as a volunteer superintendent for the benefit of his son or otherwise.

*Page* v. *Dempsey*, 99 App. Div. 152, reversed.

(Argued February 6, 1906; decided March 13, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered Jan-

uary 19, 1905, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Clare* for appellant. The defendant is liable for aiding, abetting and assisting in the creation of a nuisance and in its maintenance for nearly a month. (*Campbell* v. *U. S. F. Co.*, 73 Hun, 576; *Simmons* v. *Everson*, 124 N. Y. 319; *Morris* v. *Barrisford*, 9 Misc. Rep. 14; *Campbell* v. *Seaman*, 63 N. Y. 568; *Stevens* v. *Pucci*, 32 Misc. Rep. 464; *Booth* v. *Rome Co.*, 140 N. Y. 267; *Hill* v. *Schneider*, 13 App. Div. 299; *Morgan* v. *Bowers*, 42 N. Y. S. R. 791; *Rafter* v. *Tagliabue*, 29 Abb. [N. C.] 1; *Newell* v. *Woolfolk*, 91 Hun, 211.)

*T. M. Tyng* and *Edward D. Dowling* for respondent. The finding of fact that the blasting operations were not conducted by the defendant, nor was the alleged injury caused by his servants or agents, or by any one for whose negligence the defendant is responsible, is sustained by the proof. It, therefore, cannot be disturbed. (*Leary* v. *Corvin*, 181 N. Y. 222.)

EDWARD T. BARTLETT, J. The plaintiff is the owner of the house and lot No. 330 West Fifty-first street, in the borough of Manhattan, city of New York. The lot is about thirty feet in width and one hundred feet deep, upon which is a five-story brick and stone apartment house, containing space for ten families. In July, 1902, the lot immediately east of these premises was vacant, and workmen were engaged thereon in blasting rock in order to excavate for a cellar.

The complaint alleges that the defendant was a contractor engaged in the work, and that on several days in the month of July, 1902, on the 12th, 15th, 17th, 18th and 19th, the defendant caused much damage by such blasting, shaking and

1906.]        PAGE *v.* DEMPSEY.        247

N. Y. Rep.]   Opinion of the Court, per EDWARD T. BARTLETT, J.

cracking the walls and partitions, loosening and destroying the mason work, plastering, papering and painting, and injuring the woodwork and plumbing.

The complaint further alleges that the defendant, by the improper manner of conducting the blasting and the use of unnecessary quantities of explosives and conducting the work in an improper manner, had not only committed this injury to the property, but had terrified the tenants, some refusing to pay rent and others threatening to vacate the premises. The plaintiff prayed for and obtained an injunction *pendente lite*, and the work of blasting in this improper manner was discontinued. Damages were demanded in the sum of five thousand dollars. The defense was practically a denial. The trial judge dismissed the complaint on the merits at the close of the case, on the ground that the wrong Dempsey had been sued, as the contractor was defendant's son.

There are two findings of fact, as follows: (1) That the plaintiff was the owner and in possession of the premises and the building thereon, known as No. 330 West Fifty-first street, borough of Manhattan, New York city; and that in or about the month of July, 1902, blasting was being done on certain vacant premises immediately adjoining the said premises of the plaintiff on the east. (2) That said blasting operations were not conducted by the defendant, nor was the alleged injury to the plaintiff's said premises, or the alleged damage sustained by the plaintiff by reason thereof, caused by his servants or agents, or by any one for whose negligence in the prosecution or management of said blasting operations the defendant is responsible.

The affirmance of this judgment by the Appellate Division was with a divided court and the question considered is a very narrow one. The learned court says in the prevailing opinion: "The single question presented for our determination is whether the defendant was liable for the damages caused to plaintiff's building by the negligent blasting. Upon one of two theories he would be liable; either that he was the contractor engaged in blasting, or else as superintendent or

assistant, he directly participated in the negligent use of the explosives which injured the plaintiff's building. Upon the latter theory, the defendant, whoever may have been the responsible contractor, would be liable as a joint tort feasor. The difficulty, however, in holding the defendant liable upon this theory is the lack of evidence to support it."

The dissenting opinion, in which two of the learned justices united, in regard to the question involved, reads in part as follows : " The allegation in the complaint that the defendant was the contractor is immaterial. The material part of it is that the plaintiff's property had been injured by the unlawful acts of the defendant. If this was true then the plaintiff was entitled to recover, irrespective of the capacity in which he acted."

It may be conceded that if it was necessary for the plaintiff to prove that the defendant had entered into a contract for the removal of rock by blasting upon the lot in question, she has not sustained that allegation by uncontradicted evidence, and that the documentary proof introduced on behalf of the defendant, showing that the defendant's son had entered into a contract in writing for the prosecution of this work, would render it impossible for this court to hold that there was no evidence justifying the finding " that said blasting operations were not conducted by the defendant." We, however, agree with the dissenting opinion of the Appellate Division that the allegation in the complaint that the defendant was the contractor is immaterial.

If it be conceded that the only proof necessary for the plaintiff to make was that the defendant, James Dempsey, was in charge of this work, not as contractor, but as having direction and control thereof, it was established not only by the weight of evidence, but by what must be regarded as the uncontradicted evidence. It was proved by a number of witnesses, residents of the premises injured, that the defendant was frequently present and apparently directing the workmen as one in control of the work. Some of these witnesses observed this from adjacent windows and other places not

1906.]          PAGE *v.* DEMPSEY.          249

N. Y. Rep.]   Opinion of the Court, per EDWARD T. BARTLETT, J.

within hearing distance, where they were unable to give defendant's words as addressed to the workmen, but testified to his gestures and other actions, indicating one supervising the men at work. Defendant was also seen to have been engaged with other workmen in arranging the blasting and charging holes with dynamite. A witness swore that the defendant was on the premises every day in July, 1902.

The defendant, when sworn by plaintiff as a witness, admitted that the boiler, drills and tools used on the work were his property, and kept in a tool house or chest on the premises, upon which appeared his name. He also admitted that he collected and receipted in his own name as contractor for the proceeds of the work, and deposited the proceeds in his own bank account, and drew out therefrom the amount of the men's wages and paid them; that he never had accounted for the money to his son, who was twenty-four years of age, unmarried, and lived at home with him.

It further appears that no witness testified to having seen the son on the work at any time. It was also proved that the son was duly subpœnaed as a witness on the trial and failed to appear. The janitor of plaintiff's building swore that he saw the defendant on the work almost every day. "I saw him charge the holes with dynamite." Another witness swears: "At different times I heard Mr. James Dempsey speak to the men about hurrying up the work and things like that."

It was further proved that Rosenberg and Feinberg were the owners of the premises on which the blasting was being conducted, and in the month of May or June they made a contract with one Thomas Burns for excavating and blasting. Thomas Burns testified that when the defendant James Dempsey and his son William J. Dempsey called on him after he made this contract, the defendant said, in substance, that he desired to do the work, and he had long experience in the blasting business; that when it came to making out the contract it was in the name of William J. Dempsey, the son.

It was further proved that on the 18th of July, 1902,

Thomas Burns gave the defendant James Dempsey this order on the owners of the premises, reading as follows : " Messrs. Rosenberg and Feinberg : Gentlemen.— Please pay bearer, James Dempsey, $550 (five hundred and fifty) as per my contract *with him* for excavation of rock on your cellars south side of 51st street, between 8th and 9th avenues, and charge the same to my contract for above excavating. Very truly yours, Thomas Burns." The defendant collected this money and receipted for the same.

If the evidence already referred to was all that was introduced by the plaintiff it might possibly be argued that we would not be justified in holding that she had proved by uncontradicted evidence that the defendant was in charge of this work. The fact is that the defendant, when placed on the stand by the plaintiff, has furnished the additional proof if it was necessary. We have already pointed out that some of his admissions on the stand were most persuasive evidence that he was in charge of the work, but there is more of it. On the direct examination he testified that he was occasionally on the work, and that he went there, to use his own language, " for the benefit of my son, to help him along the best I could. I did not want any benefit from him; if I could help him I wanted to do it." On cross-examination we have this question and answer : " Q. As a matter of fact in regard to this present contract, did you have anything whatever to do with its procurement or with its execution other than what you testified you did, to help your son along *in looking after the work that was being done upon it,* and furnishing him machinery for working upon it ?   A. Nothing whatever."

In this question the witness was asked if he had anything whatever to do with the execution of the contract other than he had testified, and he swears that he had not. This question assumed all that he had testified to, and his answer necessarily confirms on cross-examination the truth of his former statements. In other words, he admits under cross-examination that he was on the work for the benefit of his son, to

help him along the best that he could, which, taken in connection with his ownership of the plant, the collection of the money for the performance of the work, depositing it in his own bank account, drawing it out to pay the men, and never accounting for any of the transactions growing out of this undertaking to do the blasting on the premises in question, establishes by his own evidence, in direct contradiction of the second finding of fact, that " said blasting operations were not conducted by the defendant," that they were.

Assuming that the defendant was a volunteer superintendent in charge of the men employed and directed the manner of conducting the work, they may be all treated as joint tort feasors, if it appears that the work was so negligently and improperly performed as to have caused the injury to plaintiff's house.

It is not claimed, so far as the record discloses, that there was physical invasion of the plaintiff's premises by the projection of rock or other substances upon them, but that the injury was caused by the vibration or jarring of the earth or air causing serious damage to the house and personal property contained therein.

The law applicable to this situation has been settled by the decisions of this court. If the premises of the plaintiff were invaded by projectiles of any kind, it would be a trespass, for which damages could be recovered, although there was no proof of negligence or want of skill. (*Hay* v. *Cohoes Co.*, 2 N. Y. 159; *Tremain* v. *Cohoes Co.*, 2 N. Y. 163; *St. Peter* v. *Denison*, 58 N. Y. 416.)

Where the injury involves no trespass upon the plaintiff's premises, but is due solely to concussion, causing great disturbance, jarring and vibration of the earth or air, the plaintiff to maintain an action to recover damages must prove that the work was performed in a negligent and improper manner. The law governing this phase of the case was considered in *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267) in an able and elaborate opinion of Andrews, Ch. J. In that case the court charged the jury, in substance, that the

defendant in using powerful explosives in blasting, did so at its peril and was liable if plaintiff's house was injured thereby; that "it made no difference whether the work was done carefully or negligently." This charge was held erroneous. ANDREWS, Ch. J., said in this connection (p. 280): "But the defendant here was engaged in a lawful act. It was done on its own land to fit it for a lawful business. It was not an act which, under all circumstances, would produce injury to his neighbor, as is shown by the fact that the other buildings nearby were not injured. The immediate act was confined to its own land, but the blasts, or setting the air in motion, or in some other unexplained way, caused an injury to the plaintiff's house. * * * The blasting was necessary, was carefully done, and the injury was consequential. There was no technical trespass. Under these circumstances, we think the plaintiff has no legal ground of complaint." The converse of this proposition is true, and if the plaintiff had proved that the work was not carefully done, and the injury was due to negligence and carelessness, a recovery would have followed.

The learned judge in discussing the burden of proof in the above case said (p. 273): "But mere proof that the house was damaged by the blasting would not alone sustain the action. It must further appear that the defendant in using explosives violated a duty owing by him to the plaintiff in respect of her property, or failed to exercise due care. Wrong and damage must concur to create a cause of action."

In the case at bar there was evidence which would have justified the court in finding that the blasting was negligently conducted, by reason of defendant's failure to take the usual precautions to prevent injury to adjoining buildings and by use of excessive quantities of explosives, but the court made no finding on this question. (*Miller* v. *N. Y. & N. S. Ry. Co.*, 183 N. Y. 123–128.)

As all the persons engaged in the work of blasting are to be regarded as joint tort feasors, each is severally liable, and this action is properly brought against the defendant as in

charge of the work of blasting, even if acting as a volunteer superintendent for the benefit of his son or otherwise.

It follows that the judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment and order reversed, etc.