HARRY S. GORDON, Appellant, *v.* ELLENVILLE AND KINGSTON
RAILROAD COMPANY, Respondent.

Pleading — action for damages caused by diversion of waters —
plaintiff cannot recover for negligence, when complaint alleges
trespass.

Where a complaint is framed solely upon an alleged wrongful and unlaw-
ful invasion of plaintiff's land, and not upon the theory of defendant's
negligence, plaintiff cannot, on failing to establish the trespass, recover
for consequential damages claimed to have been caused by defendant's
negligence.

The allegation of a cause of action for trespass, instead of one based upon
defendant's negligence, is not an immaterial variance in pleading which,
under the liberal rules of the Code, may be disregarded in the interests
of justice.

Corporations engaged in the performance of work of a public nature
authorized by law are not liable for consequential damages occasioned
by it to others, unless caused by misconduct, negligence or unskillfulness.

A railroad company, in constructing its roadbed, erected an embankment
upon its own land, which narrowed the channel of a mountain stream.
Subsequently, and while the embankment was still fresh, a storm caused
a freshet which filled and overflowed the channel of the stream, carried
away a large part of the embankment, and inundated the adjoining
lowland, washing out its soil and covering it with stones and gravel.
The lowland owner brought an action to recover the damages caused
by the inundation, framing his complaint upon the theory of a direct
and wrongful trespass. At the trial he disclaimed any charge of negli-
gence against the defendant, and offered no evidence tending to estab-
lish any negligence on its part. *Held*, that in the absence of any allega-
tion and proof of defendant's negligence, the plaintiff is not entitled to
recover, since, if the injury complained of happened without fault on
the part of the defendant, the case is *damnum absque injuria*.

*Gordon* v. *Ellenville & Kingston R. R. Co.*, 119 App. Div. 797, affirmed.

(Argued March 4, 1909; decided March 30, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
June 17, 1907, affirming a judgment in favor of defendant
entered upon a dismissal of the complaint at a Trial Term
of the Ulster County Court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

· *John R. De Vany* and *James Jenkins* for appellant. The
county judge erred in directing a nonsuit and misinterpreted
the doctrine laid down in the *Bellinger* case, and overlooked
the real questions at issue that the plaintiff was at least entitled
to have submitted to the jury. (*Radcliffe* v. *Mayor, etc.*, 4
N. Y. 195; *Hay* v. *Cohoes Co.*, 2 N. Y. 159; *Tremain* v.
*Cohoes Co.*, 2 N. Y. 163; *St. Peter* v. *Dennison*, 58 N. Y.
416; *Pixley* v. *Clark*, 35 N. Y. 620; *Mairs* v. *M. R. E.
Assn.*, 89 N. Y. 498; *Jutte* v. *Hughes*, 69 N. Y. 267; *Cogs-
well* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *Sulli-
van* v. *Dunham*, 161 N. Y. 290.) The position taken by the
Appellate Division to the effect that the plaintiff should not
recover because the complaint was for trespass and insufficient
to comprehend a charge of negligence is erroneous and unten-
able. (*Sullivan* v. *Dunham*, 161 N. Y. 290; *Mairs* v. *M. R.
E. Assn.*, 89 N. Y. 506; *Wheeler* v. *Norton*, 86 N. Y. Supp.
1096; *Jutte* v. *Hughes*, 67 N. Y. 271; *Southwick* v. *F. Nat.
Bank*, 84 N. Y. 420; *Brighton* v. *C. Co.*, 180 N. Y. 81.)

*John J. Linson* and *H. Westlake Coons* for respondent.
The motion for a nonsuit was properly granted. (*Bellinger*
v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *Uline* v. *N. Y. C. &
H. R. R. R. Co.*, 101 N. Y. 98; *Atwater* v. *Canandaigua*,
56 Hun, 293; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 88
N. Y. 351; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270;
*Prime* v. *Yonkers*, 192 N. Y. 111; *Kipp* v. *N. Y. C. & H.
R. R. R. Co.*, 89 App. Div. 392; *Drumback* v. *Hollister*, 49
Hun, 354; *Cuddeback* v. *D. & H. C. Co.*, 20 Wkly. Dig. 454;
*B. E. R. R. Co.* v. *Brooklyn*, 2 App. Div. 98.)

WERNER, J. This action was brought to recover damages
for a trespass alleged to have been committed by the defend-
ant upon plaintiff's farm lands. It was instituted in a Justice's
Court, where the defendant introduced no evidence and the
plaintiff took judgment. Upon defendant's appeal for a new
trial to the Ulster County Court, a motion for a nonsuit was
granted at the close of the evidence. Plaintiff then appealed

to the Appellate Division, where the judgment entered upon the nonsuit was affirmed by a divided court, and the case is now before us upon plaintiff's appeal.

The question to be decided is whether this is a case of *damnum absque injuria*, because the injury suffered by the plaintiff is purely consequential, or whether it is one involving a direct trespass for which the defendant is liable. That this is the precise question at issue is plainly indicated by the context of the complaint and the attitude of plaintiff's counsel at the trial. The complaint is clearly framed upon the theory of a direct and wrongful trespass; and at the trial the learned counsel for the plaintiff expressly disclaimed any charge of negligence against the defendant. The issue being thus sharply defined it is necessary to consider a few pertinent facts.

The defendant is a corporation organized for the purpose of building and operating a steam railroad between Ellenville and Kingston. The plaintiff is the owner of a farm in the town of Wawarsing in Ulster county. The route of the defendant's road runs across the plaintiff's farm, the right of way for which was acquired by the defendant through a conveyance from the plaintiff. For a short distance within the limits of this farm this right of way followed the basin and towpath of the former Delaware and Hudson canal. The Rondout creek also crosses this farm about two hundred yards westerly of the railroad, and the plaintiff's land adjacent to this creek is low or bottom land. In the Shawangunk mountains, which rise to the easterly of the railroad, there is a mountain stream that runs a rapid course down into the valley. Before the canal was built the stream had emptied into Rondout creek, but later it had been diverted somewhere near its mouth so as to make it a feeder for the canal. This physical condition continued until the canal was abandoned, when the water of the stream was again conveyed into Rondout creek by means of a waste weir. In 1901 the defendant constructed its roadbed over the right of way granted by the plaintiff. At the point where this right of way overlapped the old towpath, the latter was demolished and the space filled by an embank-

ment, which also extended into the prism of the abandoned canal, and thus narrowed the channel for the waters of the mountain stream. In December, 1901, while the earthwork of this embankment was still fresh, that section of Ulster county was visited by a severe storm, which was followed by a heavy freshet that filled and overflowed the narrow channel of the old canal, carried away a large part of the railway embankment, and then inundated the plaintiff's lowland, covering it with stumps, stones and gravel, and washing out its fertile soil.

These are the facts upon which we must decide whether this was a direct trespass or a consequential injury. The railroad was built pursuant to legislative authority upon land granted to the defendant by the plaintiff. In the exercise of its legal rights the defendant extended a part of its roadbed into the prism of the canal, which had theretofore served as an outlet for the waters of the mountain stream. The fact that this plan of construction narrowed the outlet simply bears upon the question whether the defendant exercised the necessary care and skill to so construct its roadbed as to save the adjacent lands of the plaintiff from any injurious consequences that would be likely to result from interference with the natural surface of the ground or with the conditions that existed before the railroad was built. If the plaintiff had framed his complaint or tried his case upon the theory that the defendant had been negligent in so constructing its roadbed as to divert the waters directly from the stream to the plaintiff's lowland, or so as to leave an insufficient channel for the water along its natural course, and had supported that theory by evidence, there would possibly have been a question for the jury. The complaint was not framed upon the theory of defendant's negligence, but solely upon the ground of its wrongful and unlawful invasion of the plaintiff's lands. This is not an immaterial or technical variance in pleading which, under the liberal rules of the Code, may be disregarded in the interests of justice. It involves a substantial distinction based upon well-defined legal principles which cannot be ignored.

" Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them.   If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." (*Southwick* v. *First National Bank of Memphis*, 84 N. Y. 429.)   Assuming for the purposes of this discussion that the complaint is broad enough to entitle the plaintiff to recover either for a direct and unlawful trespass, or a consequential injury caused by the defendant's negligence, the obvious fact remains that the case was not tried upon the latter theory.   Upon defendant's motion for a nonsuit based in part upon the ground that " the case is destitute of any evidence of negligence for which the defendant can be made responsible," the counsel for the plaintiff said : " I oppose this as it is not a question of negligence; it is a question of trespass."   The record discloses no evidence tending to establish any negligence on the part of the defendant.   It is true that the embankment built by the defendant yielded to the pressure of the waters, and that some of the debris which was cast upon the plaintiff's land came from this source.   Had the same thing occurred more than once, it might be regarded as some evidence of negligence.   But this was the first time that such a thing had happened, and, for aught that we know, it may have been due to causes which the defendant could not have anticipated or prevented.   It also goes without saying that if it was the plaintiff's purpose to recover upon the theory of defendant's negligence, he should have been compelled to assume the burden of pleading and proving it.   Having failed in both these essentials of pleading and proof, he must stand or fall upon the ground of a direct trespass.

When the case is considered from that point of view, it is not distinguishable in principle from *Bellinger* v. *N. Y. C. R. R.* (23 N. Y. 42); *Atwater* v. *Trustees, Vil. of Canandaigua* (124 N. Y. 602); *Moyer* v. *N. Y. C. & H. R. R. R. Co.* (88 N. Y. 351), and a long line of similar cases, in which it has

been decided "that public officers lawfully employed in making public improvements, and corporations engaged in the performance of work of a public nature authorized by law, are not liable for consequential damages occasioned by it to others unless caused by misconduct, negligence or unskillfulness." (*Atwater* v. *Trustees, Vil. of Canandaigua, supra,* and cases cited.) And by the same rule this case is clearly distinguishable from *Hay* v. *Cohoes-Company* (2 N. Y. 159); *St. Peter* v. *Denison* (58 N. Y. 416); *Noonan* v. *City of Albany* (79 N. Y. 470); *Sullivan* v. *Dunham* (161 N. Y. 290); *Huffmire* v. *City of Brooklyn* (162 N. Y. 584), and others, where there was either a physical invasion of the lands damaged or the injury was the direct result of the wrongdoer's act.

The defendant in this case confined its operations to its own land. The record discloses nothing from which it can safely be assumed that the result was one which must necessarily have ensued from the construction of the defendant's works. If the case were one in which the defendant, although acting under authority of law, had so constructed its own road, or had so interfered with adjacent physical conditions, as to directly cause the injury of the plaintiff, it would fall within the principle of *Huffmire* v. *City of Brooklyn* (*supra*) and other cases of like character which have been cited. We think it is not such a case. All that appears is that the plaintiff's land was damaged by the washing out of the defendant's embankment. If this happened without fault on the part of the defendant the case is *damnum absque injuria ;* and in the absence of allegation and proof of such fault the plaintiff was not entitled to recover.

The judgment should, therefore, be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., absent.

Judgment affirmed.