STANCOURT LAUNDRY CO. v. LAMURA.

(City Court of New York, Trial Term. May, 1914.)

1. ADJOINING LANDOWNERS (§ 8*)—BLASTING—TRESPASS.

Blasting on one's own premises, if necessary for its improvement, is not unlawful, and if not negligently conducted, even though consequential damages result from vibration, the sufferer is without remedy, but when injuries from blasting are direct, as when dirt and stone are cast on plaintiff's adjoining premises, so that there is an actual physical invasion thereof, plaintiff may recover without reference to the question of negligence.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§. 60–66; Dec. Dig. § 8.*]

2. ADJOINING LANDOWNERS (§ 8*)—BLASTING—NEGLIGENCE.

Evidence that blasting on defendant's premises caused stone and dirt to be cast on the roof of plaintiff's building, the windows and skylight to be broken, etc., was some evidence that the blasting was negligently conducted.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§. 60–66; Dec. Dig. § 8.*]

3. ADJOINING LANDOWNERS (§ 8*)—BLASTING—NEGLIGENCE—PLEADING.

Where, in an action for injuries to plaintiff's property by blasting conducted by defendant, the complaint alleged that defendant, notwithstanding repeated demands and notices, and in violation of plaintiff's property rights in the property occupied by defendant, did carelessly and negligently conduct the blasting operations by failing to properly protect and cover the blasts, etc., whereby large pieces of stone and rock were forcibly

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thrown onto plaintiff's premises, striking and shattering skylights, glass, etc., the complaint charged a physical trespass on plaintiff's property, and hence the allegations of negligence might be disregarded as surplusage.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 60–66; Dec. Dig. § 8.*]

4. ADJOINING LANDOWNERS (§ 8*)—TRESPASS—CONSEQUENTIAL DAMAGES.

Where, by reason of defendant's unskillful blasting on adjoining property, dirt and rock was cast onto plaintiff's land, breaking skylights, windows, etc., plaintiff was entitled to recover consequential damages, including injuries resulting from concussion and vibration of the air.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 60–66; Dec. Dig. § 8.*]

5. NEW TRIAL (§ 161*)—CONDITIONS—PAYMENT OF COSTS.

Costs will not be imposed as a condition to the granting of a new trial, as authorized by Code Civ. Proc. § 999, when the order is the result of error, mistake, or misconduct of the jury, but only when the erroneous verdict was caused by the fault, mistake, omission, or improper conduct of a party to the action.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. § 161.*]

Action by the Stancourt Laundry Company against Frederick Lamura. On motion for a new trial. Granted.

William Hauser, of New York City, for plaintiff.

Menken Bros., of New York City, for defendant.

FINELITE, J. The jury having awarded a verdict in favor of the defendant, a motion was then made by the plaintiff to set aside the verdict and for a new trial on the ground that the verdict so rendered by the jury was contrary to law and contrary to the evidence. The action was brought to recover damages for injuries inflicted upon the plaintiff's property by the defendant while engaged in blasting rock upon premises in the rear of plaintiff's premises. The damages claimed was for the rock, stone, and dirt from a discharge from blasting, which débris was cast upon plaintiff's building, breaking and shattering glass and skylights, and by the concussion due to the defendant's negligent conduct resulting in breaking and dislodging walls of the building and the machinery contained therein. The testimony of the plaintiff and its witnesses was in substance that repeated showers of stone were cast upon plaintiff's premises. The defendant by his own admissions received complaints frequently about the careless blasting, and, on a complaint to the fire department, a blaster who was employed by the defendant was discharged from his employment, and defendant promised to make good any damage inflicted. The report of the fire department inspector discloses this fact. It further appears from the evidence that the charges of dynamite used were from 1 to 1½ pounds each in holes from 2 to 15 feet in depth. The holes were covered by mats and 10 and 12 logs each, 10 inches in diameter, fastened by a 15-foot chain held at the ends by a hay bale wire, with loose pieces of tin over the logs not fastened. These logs and material often raised several feet from the ground when the blasts were set off, and débris would follow at the same time. Prior to the

blasts being set off, all the men would leave the excavation and go to the street, warning all passers-by to avoid being injured. The hoister, as well as the defendant, further testified that they would make all possible speed to avoid being injured when a blast would be set off. The blast holes, as drilled, slanted somewhat to the west, and were not perfectly perpendicular, so that, when a blast would be set off, the force of the explosion was directed towards the plaintiff's property. Proof was adduced by the plaintiff that there existed the presence of stones and dirt upon the roof and skylight of this property daily, and that stones were cast through the windows, breaking the same. A specimen thereof, acknowledged by the defense to be of the same character as that being blasted, was marked in evidence and exhibited to the jury. It further appears from the evidence that the plaintiff expended $75 for replacing broken glass, $102 for rebuilding boiler wall, and $217 to $350 for resetting, aligning, and repairing the engine and brick walls and bed. The jury having found a verdict in favor of the defendant, the question now arises: Is there sufficient evidence in the case adduced by the plaintiff wherein it has been shown that the jury erred in their verdict?

[1] Blasting upon one's own premises, if necessary for the improvement thereof, is not an unlawful act. Such blasting necessarily causes vibration of the earth and air to a greater or less extent. Such vibrations cannot be confined within inclosed limits. Hence it must follow that if rightly and not negligently caused, even although consequential damages result therefrom, the sufferer is without a remedy from vibration (Benner v. Atlantic Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; Booth v. R. W. & O. T. R. R., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Holland House Co. v. Baird, 169 N. Y. 136, 62 N. E. 149; Miller v. Twiname, 129 App. Div. 623, 114 N. Y. Supp. 151; Derrick v. Kelly, 136 App. Div. 433);[1] but when the results of blasting are not consequential but direct, when dirt and stone are cast upon the premises of another, so that there is an actual physical invasion thereof, the question of negligence or want of skill is wholly immaterial (Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Page v. Dempsey, 184 N. Y. 245, 77 N. E. 9).

[2] The evidence herein showed that, when the blasts were set off, débris, consisting of stone and dirt, was cast on the roof of the premises of the plaintiff, and windows in the skylight of said premises were broken in and smashed, and a piece of stone, admitted by the defendant to be of the same kind as was being blasted upon the premises being excavated, was marked in evidence as a piece of stone gathered from the roof of the plaintiff's premises, and which plaintiff contends smashed the windows or panes of glass in the skylight of its premises. This in itself is some evidence which was to be considered by the jury, and its attention was called thereto in the charge by the court in the following words:

"But if such blasting casts dirt and stone upon the premises of another, so that there is actual physical invasion of the plaintiff's property, there is some

147 N.Y.S.—57          [1] 120 N. Y. Supp. 996.

liability which resulted therefrom in consequential damages, irrespective of want of negligence or proper skill." Hall Sons Co. v. Sundstrom & Stratton Co., 138 App. Div. 548, 549, 123 N. Y. Supp. 390, 392, affirmed 204 N. Y. 660, 97 N. E. 1106.

In this case the court said (quoting from the case of Hay v. Dunham, supra):

" * * * He may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner. In the Sullivan Case v. Dunham, supra, the court said: 'We think that the Hay Case has always been recognized by this court as a sound and valuable authority. After standing for 50 years as the law of the state upon the subject, it should not be disturbed, and we have no inclination to disturb it. It rests upon the principle, founded in public policy, that the safety of property generally is superior in right to a particular use of a single piece of property by its owner. It renders the enjoyment of all property more secure by preventing such a use of one piece by one man as may injure all his neighbors.' "

[3] In this action the complaint alleges that said defendant, notwithstanding the repeated demands and notices given him by the plaintiff herein, and in violation of the plaintiff's property rights in the property occupied by it, did carelessly and negligently conduct said blasting operation by failing, neglecting, and refusing to properly protect and cover said blasts and to safeguard the plaintiff's property during said operation, in consequence of which said neglect and carelessness many large pieces of stone and rock were forcibly thrown upon this plaintiff's premises, striking and shattering skylights and glass, and by the concussion and shock of such blasting operations, and caused the boiler used by the plaintiff to become dislodged and disabled, and also loosened the walls constructed around said boiler, rendering them unsafe and dangerous, so that the plaintiff was obliged to and did cause the same to be taken down, reset, replaced, and rebuilt at a considerable expense. The words used herein in reference to the allegations of negligence may be disregarded as surplusage, as allowing the missiles to be cast upon the plaintiff's premises was a trespass, and it has been so construed under an allegation similar to this one. In Sullivan v. Dunham, supra, 161 N. Y. 300, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, it has been held that the tortious and wrongful act is specifically set forth, namely, the casting of rocks and stone and other material upon plaintiff's property. Because plaintiff has also alleged that their acts are negligently done, the character of the action is not thereby changed. If the allegations relating to negligence was stricken from the complaint, it would still set forth a cause of action in trespass. Hall Sons Co. v. Sundstrom & Stratton Co., supra.

[4] There was evidence, sufficiently proven by the plaintiff, that the act of blasting, not having been done in a proper manner, causing the missiles and dirt to be cast upon the plaintiff's premises, smashing windows in skylight, was in itself evidence of negligence, for which the plaintiff would be entitled to recover. We now come to the question as to the concussion and operation of such blasting caused the

boiler used by the plaintiff to become dislodged and disabled and also loosened the walls constructed around said boiler, rendering them unsafe and dangerous, so that the plaintiff was obliged to and did cause the same to be taken down, reset, replaced, and rebuilt at a considerable expense, as alleged in the plaintiff's complaint and stated hereinbefore. As was said in the Sullivan Case, supra, 161 N. Y. 296, 55 N. E. 925, 47 L. R. A. 715, 76 Am. St. Rep. 274:

"When the injury is not direct, but consequential, such as is caused by concussion, which, by shaking the earth, injures property, there is no liability in the absence of negligence. Thus in Benner v. Atlantic Dredging Co., 134 N. Y. 156 [31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649], a contractor with the United States government, in doing work required by his contract, injured property by concussion only and without casting any material upon the premises of the plaintiff. It was held that there could be no recovery without proof of negligence. The second division of this court, in deciding this case, said: 'This is not a case of taking private property, or of direct, but is of consequential injury. * * * The injuries to it were caused by the shaking of the earth or pulsations of the air, or both, resulting from the explosion. * * * One cannot confine the vibration of the earth or air within inclosed limits, and hence it must follow that if, in any given case, they are rightfully caused, their extension to their ultimate and natural limits cannot be unlawful, and the consequential injury, if any, must be remediless. Booth v. R. W. & O. T. R. R., 140 N. Y. 267 [35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552]; French v. Vix, 143 N. Y. 90 [37 N. E. 612].'"

In Page v. Dempsey, supra, the court said:

"Where the injury involves no trespass upon the plaintiff's premises, but is due solely to the concussion, causing great disturbance, jarring, and vibration of the earth or air, the plaintiff, to maintain an action to recover damages, must prove that the work was performed in a negligent and improper manner."

In Gordon v. Ellenville & Kingston R. R., 195 N. Y. 137, 88 N. E. 14, 47 L. R. A. (N. S.) 462, where the action was brought to recover damages for a trespass alleged to have been committed by the defendant upon plaintiff's farm lands, the court held that the defendant was not liable for consequential damages occasioned by defendant or others, unless caused by misconduct, negligence, or unskillfulness, and that by that rule the case was clearly distinguishable from Hay v. Cohoes Co., supra, and other cases relied upon where there was either a physical invasion of the lands damaged or the injury was the direct result of the wrongdoer's act.

The rule is stated in Benner v. Atlantic Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649:

"One cannot confine the vibration of the earth or air within inclosed limits, and hence it must follow that if, in any given case, they are rightfully caused, their extension to their ultimate and natural limits cannot be unlawful, and the consequential injury, if any, must be remediless."

It follows, therefore, from the reasoning of these authorities, that there cannot be a recovery for the causing plaintiff's boiler to become dislodged and disabled, and also for the loosening of the walls constructed around the boiler, as the same was caused by concussion and vibration and pulsation of the air, unless plaintiff had shown by proof that there was in addition a trespass upon the plaintiff's property, un-

less caused by misconduct, negligence, or unskillfulness of the defendant in blasting the rock, but it has been shown herein that, from the result of the blasting, dirt and stone were cast upon the premises of the plaintiff, so that there was an actual, physical invasion of his premises, so therefore the question of the negligence of the defendant or want of skill would be wholly immaterial, and for such invasion a liability would flow. Holland House v. Baird, 169 N. Y. 136, 62 N. E. 149. It therefore follows that the jury erred and disregarded the charge of the court when the court charged in substance that if such blasting cast dirt and stone upon the premises of another, so that there is an actual physical invasion, he is liable for the consequential damages, irrespective of the negligence or want of skill, and for this reason the court must grant a new trial.

[5] On the question whether costs should be imposed in the granting of a new trial under section 999 of the Code of Civil Procedure it has been held that in case of error, mistake, or misconduct of a jury the motion should not be conditioned on the payment of costs to the party who obtained the verdict. Costs are proper only when the erroneous verdict was caused by the fault, mistake, omission, or improper conduct of a party to the action. Therefore no costs should be imposed for the relief herein granted. Rothenberg v. Brooklyn Heights R. R., 135 App. Div. 151, 119 N. Y. Supp. 1001, and cases therein cited; Andrews v. Daniel Le Roy Dresser, 140 App. Div. 925, 125 N. Y. Supp. 731; Post v. Kerwin, 150 App. Div. 321, 134 N. Y. Supp. 714.

Motion granted. Settle order on one day's notice.