Louis J. Capozzoli, J.
This case arises out of the defendant’s recent construction of the approach to the Lincoln Tunnel for the Port of New York Authority. At the commencement of the trial the plaintiffs withdrew their demand for equitable relief and the case proceeded as an action for damages.
The plaintiffs claim damage to real property because of the negligence of the defendant in blasting, for a trespass by the defendant on the property of the plaintiffs, for removal of a structure on plaintiffs’ property and for personal property loss.
It is the contention of the plaintiffs that the negligent blasting by the defendant caused damage to the permanent structure erected on plaintiffs’ land. As to this contention the court finds, from all the evidence in the case, that they have failed to sustain the burden of proof imposed upon them by law. Since the trial of this case, the Appellate Division, First Department, has handed down the decision of Shemin v. City of New York (6 A D 2d 668) which follows the earlier cases of Page v. Dempsey (184 N. Y. 245); Booth v. Borne, Watertown & Ogdensburg Term. R. R. Co. (140 N. Y. 267); Holland House Co. v. Baird (169 N. Y. 136). In effect, the Appellate Division held that a contractor, who, in the course of public work, carries on blasting operations, is not liable for damage to property which is caused by concussion, unless there is proof that the work was negligently done.
It is noteworthy that, in the Shemin case {supra), there was proof before the trial court, adduced from the testimony of an expert, to the effect that there was negligence on the part of the *281 defendants in the manner in which the blasts were set off. However, the court, as a result of the analysis of the testimony of this expert and a consideration of all of the record, concluded that there was no legal evidence of negligence. In the case at bar, as this court recalls the evidence, there was not even an attempt made by the plaintiffs to show negligence on the part of the defendant, except insofar as the records of the blasting lent any aid to the over-all question of when the blasting was done and where, etc. To conclude, a careful consideration of. the evidence leads the court to the definite conclusion that the plaintiffs have failed to sustain the burden of proof imposed upon them by law, so far as proving negligence on the part of the defendant in connection with its blasting operations.
A different question is presented as to the actual trespasses committed by the defendant’s removal of a portion of plaintiffs’ property, which was referred to during the trial as a“ shed ’ ’, excavating part of the plaintiffs’ property in the rear thereof and use of plaintiffs ’ property in connection with the placing of heavy machinery thereon.
As to these items the court is of the opinion that the plaintiffs did sustain the burden of proof imposed upon them by law and awards damages to the plaintiffs in the sum of $4,000.
All motions, decision of which was reserved and not otherwise disposed of, are hereby denied.
This case was tried by the court, without a jury. Findings of fact and conclusions of law were waived by both sides.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.