78:39 LRA 83

MITCHELL v. PRANGE.

1. NEGLIGENCE—PLEADING.

A recovery cannot be had in a negligence case upon a ground of negligence not alleged in the declaration.

2. SAME—BLASTING—INSTRUCTIONS TO JURY.

Therefore, where a blacksmith was injured by a kick from a horse which was frightened by an explosion in the vicinity of the shop, it was error, in an action against the excavators who caused the explosion, to permit a recovery upon the ground that the charge of dynamite was excessive, or that it was not properly covered, when the only ground of negligence set up in the declaration was the failure of the defendants to give notice of the blast.

3. SAME—NOTICE.

Where excavations had been in progress in the vicinity of plaintiff's shop for several weeks, and dynamite blasts were of frequent occurrence, the defendants were not negligent in failing to apprise him of intended blasts, as they were events which, under the circumstances, he should have anticipated.

4. SAME—SEWER TRENCHES.

One excavating a trench for a sewer cannot be said to have been negligent in not refilling it before exploding a dynamite blast, in the absence of evidence to show that such a requirement would be a reasonable one.

5. SAME—CONSTRUCTION OF CONTRACT.

    A provision in a contract for the construction of a sewer, requiring the contractor, in all cases where blasting is necessary, to cover the blast with brush or timber sufficiently to prevent injury to persons or property, is designed to prevent injury from fragments which might otherwise be thrown from the trench, and does not cover a case where one is injured by a horse which was frightened by the explosion.

Error to superior court of Grand Rapids; Burlingame, J. Submitted April 24, 1896. Decided July 8, 1896.

Case by John Mitchell against Charles Prange and others for personal injuries. From a judgment for plaintiff, defendants bring error. Reversed.

*Birney Hoyt*, for appellants.

*Peter Doran* (*Charles A. Watt*, of counsel), for appellee.

HOOKER, J. The plaintiff was injured by the kick of a horse which he was shoeing, and recovered a judgment against the defendants, who were engaged in excavating a trench for a sewer, some hundreds of feet distant from his shop. The plaintiff's claim is that the horse was frightened by an explosion in the trench, caused by the defendants for the purpose of excavating rock. Counsel for the plaintiff admitted upon the trial that blasting was necessary. The first count of the declaration alleges the explosion as wrongful; the second alleges that it was the duty of the defendants to give notice, by ringing a bell or otherwise, to people in the vicinity, that a blast was to be made, which duty was neglected. Upon the trial it was claimed that defendants' negligence consisted in using an excessive charge, in failing to properly cover it, and in failing to give the proper notice of the intended blast; and the case was allowed to go to the jury upon such theories.

It was improper to allow the jury to find a verdict upon the ground that the charge was excessive, or that it was

not properly covered, as neither was alleged in the declaration. Furthermore, there was no evidence that the charge was an improper one, or that any usual method of covering would have obviated the danger. It was urged that filling the trench with dirt would have lessened the noise, but it was not shown to be a proper or usual or reasonable thing to do, to excavate and refill a trench each time they put in and explode a blast. The specifications under which the work was done required that—

"When rock is found in the bottom of a trench, it is to be taken out to a depth of six inches below the bottom of the sewer, and replaced by strong gravel, well rammed. Ledge rock, that cannot be removed by pick or bar, will be paid for as extra work at a price named in the proposal for such excavation. Should the contractor fail to name a price for such rock excavation, no extra allowance will be made therefor. The estimate of the quantity of rock excavated will be based upon the bottom width of trench required for laying the different dimensions of sewers, as used in the original estimate of quantity of excavation, with side slopes of one-fourth of a foot horizontal to one foot vertical. In all cases where blasting is necessary, the blast is to be carefully covered with brush or timber sufficient to effectually prevent injury to persons or property."

The provision for covering was evidently to protect persons and property from injury by fragments which might otherwise be thrown from the trench, and it was error to instruct the jury as follows:

"The contract with the city requires that, in all cases where blasting is necessary, the blast is to be carefully covered with brush or timber, sufficiently to effectually prevent injury to persons or property. Now, was this blast so carefully covered with brush or timber as to sufficiently and effectually prevent injury to persons or property; or, in other words, did these defendants use all the precaution, notices, and warnings, and cover that blast of dynamite in such a manner, as prudent men ought, under like circumstances, to have exercised, is a question for you to determine."

Nor do we think the defendants negligent in not taking measures to apprise the plaintiff of the intended blast. It appears that they did take precautions to warn passers-by within a reasonable distance, but it would hardly be reasonable to expect them to give notice to every one who resided or worked within a radius of 500 feet, especially after the business had been going on, to the knowledge of such persons, for several weeks. The plaintiff knew that blasting was a common occurrence, and to be expected at any minute. This did not deter him from attempting to shoe the horse. He did not know when the blast was coming, and, if the defendants knew that he had a black-smith shop in the vicinity, they did not know that he would have the foot of a spirited horse in his lap. Both were engaged in lawful acts, and upon this record the injury appears to be a casualty, which is not ascribable to the defendants' neglect of duty.

Judgment reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.