HOYT v. GARLOCK.

Highways—Frightening Horses—Action—Variance—Steam or Gas Engine.

> Where the declaration, in an action for frightening plaintiff's horse, claims that defendant forced great quantities of steam from his engine into the highway, thereby causing the injury complained of, and the proof shows the engine to have been a gasoline engine, which emitted no steam, and that the noise of its exhaust frightened plaintiff's horse, there is a fatal variance.

Error to Livingston; Smith, J. Submitted April 12, 1906. (Docket No. 64.) Decided September 20, 1906.

Case by William N. Hoyt against Edward Garlock for injuries to plaintiff's horse. There was judgment for plaintiff, and defendant brings error. Reversed.

*Shields & Shields*, for appellant.

*Willis L. Lyons* and *Louis E. Howlett*, for appellee.

Moore, J. This case was commenced in justice's court. It was appealed to the circuit court where it was tried by a jury, and a small verdict rendered in favor of the plaintiff. The case is brought here by writ of error.

There are a great many assignments of error, but we deem it necessary to discuss but one. The declaration was in writing. Omitting its formal parts, it reads:

" While the said plaintiff was lawfully passing along, over and upon a public highway * * * with a horse of ordinary gentleness, and under the control of the said plaintiff, and hitched to a vehicle in which the said plaintiff was riding, and while so riding and driving, * * * and while the said horse was under the control of the said plaintiff, and while he was without negligence or undue care of any kind or description, the defendant wrongfully, carelessly, recklessly, and negligently ejected and forced

and emitted great quantities of steam through an exhaust pipe which extended from the buildings of the said defendant in the highway which plaintiff was passing and permitted steam to be forced through pipes extending from the building of the said defendant in the highway aforesaid, and while the plaintiff was passing the said highway opposite or nearly opposite the said building, the said defendant wrongfully, carelessly, recklessly, and negligently started machinery in the said building which permitted and forced steam through pipes extending in the highway upon which the said plaintiff was at the time passing, without in any manner giving the plaintiff notice that he was about to force steam in this manner in the highway or without coming personally or sending his servants in the highway for the purpose of notifying plaintiff of the danger which he encountered because of the said steam, and without in any manner assisting in driving his horse through the highway opposite the building from which the said steam was being emitted, and without having the machinery which he was so operating and starting in view of people passing along, over and upon said highway, and in such a position that the plaintiff could see and know that machinery was being operated or was about to be operated near the said highway; and that while so passing as aforesaid, the said defendant wrongfully, recklessly, carelessly, and negligently permitted the said machinery to be operated and permitted the said steam to pass through pipes extending in the highway in such a manner as to produce loud and unusual noises calculated to frighten horses of ordinary gentleness; and the plaintiff avers that by the said wrongful and negligent acts of the said defendant in operating the said machinery adjacent to and within the said highway, and in permitting great quantities of steam to be forced through the said pipes in the highway and towards the plaintiff's horse, and in having the view to the said machinery from the highway wholly obstructed and in operating the same in the manner aforesaid and causing the same to make the loud and unusual noises that the said horse of the said plaintiff was frightened and became unmanageable," etc.

Before putting in any proof counsel for plaintiff made an opening statement of the plaintiff's claim from which it appeared plaintiff claimed his horse was frightened while being driven in the highway, because "Mr. Garlock

placed a gasoline engine on the premises close to his barns, and about a foot from the road fence, and covered it over with a building so that it was entirely hidden from passersby, and ran the exhaust pipe to the gasoline engine out through the building and out through the fence and about a foot into the highway," and when plaintiff was passing: "suddenly this gasoline engine through the exhaust pipe, gave a chuck, very loud, and it frightened Mr. Hoyt's horse. It jumped to one side. Then the engine gave another chuck and another, and at that time the horse became unmanageable, ran away, broke his cart to pieces, and did considerable damage to Mr. Hoyt."

When proof was offered to sustain this claim of counsel, objection was made to its reception because the proof was inconsistent with the averments of the declaration. The motion was overruled, and plaintiff was permitted to testify that "the horse got scared at the noise produced by his engine. I heard the noise, it came from the exhaust pipe projecting into the highway through the building, and through the fence, I should judge, about a foot."

On the cross-examination the plaintiff testified, among other things:

"I was looking in the direction of the exhaust pipe that day, and I saw it after the runaway when I came along back. It had a cast iron muffler on the end which was supposed to muffle the sound, but it didn't seem to stop it though. There was no vast cloud of steam blowing out of there. I did not see anything of that kind at all. * * * I don't claim that I saw any cloud of steam, or anything, coming out of there at all, and I don't claim the horse saw anything of that kind, and there wasn't anything of that kind to see, and I did not smell any gas, or anything of that kind along there while I was in the buggy."

It has long been settled in this court that the evidence offered must correspond with, and support, the material and necessary averments in the declaration. *Lull* v. *Davis*, 1 Mich. 77. See, also, *Batterson* v. *Railway Co.*, 49 Mich. 184; *Hatheway's Appeal*, 52 Mich. 112;

*Parker* v. *Armstrong*, 55 Mich. 176; *Thurstin* v. *Luce,* 61 Mich. 292; *Wilkinson* v. *Spring Works,* 73 Mich. 405; *Cowan* v. *Railway Co.*, 84 Mich. 583; *Mitchell* v. *Prange,* 110 Mich. 78 (34 L. R. A. 182). It is evident the statement of counsel and the proof which the court permitted made a different case than the one averred in the declaration.

Judgment is reversed, and new trial ordered.

CARPENTER, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.