## MILLER v. TWINAME.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. NUISANCE (§ 3*)—BLASTING ROCK.

The blasting of rock on private premises does not of itself constitute a nuisance, but whether it is a nuisance is a question of fact on the surrounding and attending circumstances.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 15; Dec. Dig. § 3.*]

2. MASTER AND SERVANT (§ 300*)—INJURY TO LICENSEE—MEASURE OF DUTY.

Defendant's liability on the cause of action alleged, entry by plaintiff on defendant's premises, for a business purpose, by invitation of defendant, and an injury suffered by plaintiff, while there, through the negligence and wrongful acts of defendant's servants, depends on whether reasonable prudence and care were used to protect plaintiff from unreasonable and unnecessary exposure to danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1209; Dec. Dig. § 300.*]

3. EXPLOSIVES (§ 12*)—THROWING ROCK BY BLAST ON HIGHWAY—TRAVELERS.

Plaintiff was not a traveler on a highway, within the rule that one throwing by a blast from his property material onto a traveler on a highway is a trespasser liable without proof of negligence, where plaintiff, for the purpose of delivering coal to defendant, went on defendant's land, where he was blasting rock with which to perform his contract of macadamizing the adjoining highway, and plaintiff, to avoid a blast, retreated to the highway, where he was struck by a flying rock.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

4. EXPLOSIVES (§ 12*)—THROWING ROCK BY BLAST ON ADJACENT PROPERTY.

The rule that one who by blasting throws rock on adjacent land of another is liable as a trespasser, without proof of negligence, for the resulting damage, does not apply when the person blasting has the right to the use of the land on which the rock is thrown.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

5. COSTS (§ 164*)—EXTRA ALLOWANCE.

It is not a case for granting an extra allowance where plaintiff, while delivering coal to defendant on his premises, where he was blasting rock, with which to perform his contract of macadamizing the adjoining highway, retreated to the highway to avoid a blast, and was struck by a flying rock.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 620; Dec. Dig. § 164.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Westchester County.

Action by James Miller against John Twiname. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

William L. Rumsey (Robert E. Farley, on the brief), for appellant. Bernard H. Lord, for respondent.

RICH, J. The defendant is a general contractor, and in 1907 had a contract with the town of Harrison, Westchester county, to build 19,-000 feet of highway, macadam. In October of that year he had possession of a highway leading from Silver Lake to Rye Lake, in that town, for the purposes of his contract, and was engaged in macadamizing its surface. He leased a stone quarry on land adjacent to the highway, from which he was taking the stone necessary for such work, which was loosened by blasting. The photographs in evidence disclose that the quarry, where blasting was being done, was in a sparsely settled neighborhood, remote from houses. Defendant purchased some coal, for use in his work, at White Plains, some three or four miles from the quarry, and the plaintiff, an employé of the coal dealer, was sent to deliver it. He drove with his load upon the premises, and, while engaged in shoveling the coal out of the wagon, learned that a blast was about to be fired at the quarry. He ran into the highway in process of repair, a distance of 150 or 200 feet, when a stone, dislodged by the blast, struck him, causing the injury complained of. The complaint alleges that at all the times therein referred to the defendant was engaged in the business of breaking up stone and rock, by means of dynamite or other explosives, in the town of Harrison; that on or about the 8th day of October, 1907, while the plaintiff "was lawfully in the act of delivering a load of coal at or near the place where defendant was at work, the defendant, through the negligence, carelessness, recklessness, and *wrongful acts* of his servants or agents, caused or permitted an explosion or eruption to occur, causing a shower of stone, rock, or other hard substance to be thrown up and scattered around, a part or portion of which struck and seriously injured this plaintiff," and "that said accident was caused through no fault of plaintiff, but solely through the fault, carelessness, *and wrongful act* of the defendant, his servants and agents." The words italicized were added by amendment. When plaintiff rested, the defendant moved for a nonsuit, and at the close of the evidence renewed such motion, and asked for the direction of a verdict upon the ground that the complaint did not state a cause of action for nuisance, and that plaintiff had failed to prove the cause of action alleged. The motions were denied, and exceptions taken.

The learned trial justice refused to allow the defendant to give any evidence of the locality of the quarry and its surroundings, or the circumstances attending the firing of the blast, holding that the complaint stated a cause of action for a trespass or nuisance; that the plaintiff was trying his action upon that theory, and no amount of care that the

defendant exercised in the operation of the quarry or the discharge of blasts would relieve him from liability, unless the plaintiff was guilty of contributory negligence; that the plaintiff was upon a public highway at the time he was struck, and under the decision of Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, that fact made it "a nuisance, no matter how much care was exercised in discharging the blast." He charged the jury that the defendant was liable—

"for the injuries that the plaintiff received at that time, provided the plaintiff did not contribute to bring about the accident by any careless or negligent act, or omission, on his part; * *. * so that the only question in this case for your consideration and determination is whether the plaintiff, after he learned that a blast was to be discharged, exercised reasonable care for his own protection and safety. * * * While the defendant had a perfect right to occupy those premises, as he did, and discharge blasts and break up a stone, yet the law says that he is liable for any injury done to any passer-by or traveler upon the public highway by a piece of stone that may be thrown by the blast, no matter how careful he may have been in the occupation of the premises and in the preparation and setting off the blast. No matter what safeguards he used, or how cautious and prudent and careful he was, he is liable for the damage done by a stray piece of stone that found its way out upon the public highway and caused injury."

To these instructions the defendant excepted, and requested the court to charge "that the plaintiff was not a traveler or passer-by upon a public highway within the meaning of the rule," which was refused and exception taken. These exceptions present reversible error. The case was submitted to the jury upon the theory that the plaintiff was a traveler upon the highway. There is no allegation in the complaint to that effect. On the contrary, its averments are to the substantial effect that while the plaintiff was delivering a load of coal to defendant, upon premises occupied by the latter, and on which he was conducting his alleged business, he was injured. Although it is alleged that such business was the blasting of rock by the use of dynamite, the blasting of rock on private premises does not of itself constitute a nuisance. Booth v. R., W. & O. T. R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552. The case presented by the pleading was that of the entry upon defendant's premises, for a business purpose, by invitation, and an injury suffered while there through the negligence and wrongful acts of defendant's servants. The liability of the defendant upon the cause of action alleged was dependent upon the question of whether reasonable prudence and care were used to protect the plaintiff from unreasonable and unnecessary exposure to danger. The measure of defendant's duty was reasonable prudence and care (Flynn v. C. R. R. Co., 142 N. Y. 439, 37 N. E. 514), and the exclusion of the evidence offered by defendant upon this subject was error.

Assuming, however, that the allegations of the complaint sufficiently presented a cause of action for nuisance or trespass, the judgment cannot be sustained. The plaintiff was not a traveler upon a public highway at the time he was injured, within the rule declared in the Sullivan Case, supra. While it is true that he was in the highway limits when struck by the stone, it is equally true that the highway was in the lawful possession of the defendant for the purposes of excavation, filling in, and macadamizing its surface. He had the right to use it in

connection with the quarrying of stone on the leased adjacent land for that purpose, and to have the material excavated from the quarry thrown into and upon it, and he should have been permitted to show that signs giving notice to the public of its closing for repairs were placed there, and of his possession of it. The fact that the piece of stone which struck plaintiff was thrown from the quarry into the highway, under the circumstances disclosed by the record, did not render the defendant liable for trespass. The rule that one who by blasting throws rock and material upon the adjacent land of his neighbor is liable for the damage resulting from such act has no application when the person blasting has the right to the use of the land upon which the blasted material is thrown. A cause of action for trespass was not established by the evidence.

The trial court determined, as matter of law, that the blasting resulting in the injury was a nuisance. This was the effect of his rulings and charge. In this he was in error. Where, as in this case, the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as matter of fact, but cannot be so determined as matter of law, independent of the attending circumstances. Melker v. City of New York, 190 N. Y. 481, 83 N. E. 565. In this case, as in that, the circumstances do not call for the hard and fast rule of a nuisance as matter of law, but for the judgment of a jury, based upon the surrounding and attendant circumstances, as to whether the occurrence was or was not a nuisance as matter of fact.

The granting of an extra allowance was erroneous. Standard T. Co. v. N. Y. C. & H. R. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.