# JUNE TERM, 1911.*

---

## SCHERER *v.* OTIS ELEVATOR CO.

1. PLEADING — MASTER AND SERVANT — NEGLIGENCE — DEFECTIVE MACHINERY— GUARD—ALLEGATIONS OF INSUFFICIENCY OF PROTECTION—VARIANCE.

 It is a fatal variance from plaintiff's declaration alleging that defendant's jointer, at which he worked, was guarded by a defective guard, to introduce testimony proving that no guard was employed.   ·

2. SAME.

 And the averments of the declaration that the machine was provided with an alleged guard which was the poorest type in use, that the guard on said machine was not in general use, and that previous to plaintiff's injury defendant had been ordered by the State factory inspector to furnish a guard for the jointer, when such averments are read together, present the theory that the ineffective guard was no guard; the theory not being supported by evidence, a verdict for defendant was rightly directed.

Error to Wayne; Rohnert, J.  Submitted June 16, 1911.  (Docket No. 87.)  Decided September 29, 1911.

Case by Albert Scherer against the Otis Elevator Company for personal injuries.  A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error.  Affirmed.

*Samuel E. Jones,* for appellant.

*Angell, Boynton, McMillan, Bodman & Turner,* for appellee.

While in the employ of defendant, and while operating

---

* Continued from Vol. 166.

a machine known as a jointer, the plaintiff on November 13, 1909, was injured. In June, 1910, plaintiff brought this action, alleging in his declaration, which is most inartificial, and contains but one count:

(1) That it is the general custom to have the knives of the jointer machine covered or guarded where the knives are not in use, that a portion of the knife where plaintiff was injured was about ten inches long, "and unnecessary to be there, and, because of it being there and not guarded, the plaintiff was injured."

(2) That the jointer machine was defective, that the defect was known to the defendant and was the cause of the injury, and "that the bearings of the head of the jointer machine were defective, in that the bearings were loose and very much worn, which caused the head of the machine to run uneven and with a jumping and jerking motion, which caused the knife which was attached to the head of the jointer machine to run uneven and in a jumping and uneven condition, and, because of the defect as before mentioned, the work was thrown and jerked out of the hand of the plaintiff, and his hand came into contact with the cutting edge of the knife."

(3) The jointer machine was provided with an alleged guard which was of the poorest type of guard used to cover the part of the knife that was not in use. The guard was fastened to the head of the jointer by a bolt. The bolt was loose and defective, and would not hold the alleged guard in place, and, because of the defect in the bearing of the machine and the uneven and jumping motion of the head and knife, the alleged guard would swing away from the knife "with the result that, when the work was jerked or thrown out of the hand of plaintiff, the hand of plaintiff came in contact with the unprotected knife of the jointer machine, and injured plaintiff as aforesaid, and plaintiff avers that the aforesaid alleged guard that was attached to the jointer machine upon which plaintiff was injured is not in general use as a guard for the knives of a jointer machine as aforesaid."

(4) Plaintiff called the attention of the superintendent of defendant to the defective condition of the bearings of the jointer machine, and the superintendent promised to repair and make perfect the defect, and ordered plaintiff to continue to work, which he did for three-quarters of an hour, when he was injured.

(5) Previous to the injury defendant was ordered by the State factory inspector to provide a proper guard for the knife of the jointer machine, which order was not complied with, contrary to the statute.

In his opening statement to the jury, counsel for plaintiff said:

" We charge that the plaintiff received his injuries through the negligence of the defendant and without any negligence of his own.    That when employed there he was ordered to work upon the jointer.    It not being guarded as ordered to be guarded by the State factory inspector, * * * when so employed on the unguarded machine, he was injured by having three fingers of the left hand cut from the hand, permanently injuring him."

Plaintiff testified that there was no guard on the jointer machine.    On cross-examination he testified there was no guard, and his attention was called to the allegation in the declaration to the effect that the jointer machine was provided with an alleged guard, but of the poorest type.    To this his counsel objected, saying:

" I stand on my opening statement.
"*The Court:* I think the declaration sets up the cause of action.
"*Mr. Jones:* But I don't have to prove everything in the declaration."

Plaintiff called a witness who testified that he was State factory inspector from 1897 to January 1, 1909, that he inspected the defendant company's plant, and that at some time he served a written order on the superintendent of the plant to guard a jointing machine.    (It appears there was but one in use by defendant.)    No order was produced, the witness stating that he could not produce such an order because he left all his orders and all records in the office when he severed his connection with the State factory department.    No testimony was offered to prove any other negligence of defendant, nor to prove any defect in the machine, or in a guard to the machine.    Defendant offered no testimony, and the court directed a verdict for the defendant.

OSTRANDER, C. J. (*after stating the facts*). The question, the only one debated in the briefs, is whether there was a fatal variance between the proof and the declaration. It is the contention of defendant, appellee, and was the view of the trial court, that the declaration alleges, not the absence of a guard, but the presence of a defective guard; that, consequently, testimony that there was no guard tended to prove no negligence of defendant alleged in the declaration.

The provision of the statute relied upon by the plaintiff is:

"All vats, saws, pans, planers, cogs, set-screws, gearing and machinery of every description shall be properly guarded when deemed necessary by the factory inspector." Act No. 285, Pub. Acts 1909, § 15.

Plaintiff, appellant, insists that the first allegation referred to in the foregoing statement is an allegation that the machine was not guarded. The reply which is made is that the averment relied upon is plainly not one that the planer (jointer) machine was not guarded, and is one that a knife was not guarded; that the averment must be read with the later averments of the declaration, and, when so read, it is clear that the averment is that the machine had a guard, and that the negligence alleged is the use of an inefficient, or defective, guard. Fair construction of the language of the declaration supports appellee's contention. As has been pointed out, the declaration has but one count, the meaning of which must be gathered from all the language used. The pleader has averred a defective machine, independent of the guard, or want of a guard, and also a defective guard. This is the negligence averred. Neither averment is supported by testimony.

It may be said that the legislation referred to requires an effective guard, and that an ineffective guard is no guard. This, we conceive, is the real theory of the declaration so far as a guard is concerned. It was testimony tending to support this theory that defendant was called

upon to meet. The testimony tends to support no such theory. The variance is fatal. 22 Enc. Pl. & Prac. p. 527; *Shanke* v. *Heater Co.*, 125 Mich. 346 (84 N. W. 283); *Hoyt* v. *Garlock*, 145 Mich. 632 (108 N. W. 1074); *Wabash, etc., R. Co.* v. *Friedman*, 146 Ill. 583 (30 N. E. 353, 34 N. E. 1111). The case of *Hunter* v. *Township of Dwight*, 157 Mich. 634, 640 (122 N. W. 267), relied upon by appellant, is plainly opposed to his contention here, since defendant is not apprised by the declaration that a mere breach of the statute duty to guard is relied upon.

The judgment is affirmed.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.