## Hieber v. Central Kentucky Traction Co.

(Decided October 26, 1911.)

### Appeal from Woodford Circuit Court.

Firing Blast—Frightening Horse—Liability.—One who fires a blast on his own premises near a blacksmith shop is not liable to the blacksmith for an injury received from a horse frightened by the report, although it had been customary for those operating the quarry to give the blacksmith notice when blasts were to be fired.

D. T. EDWARDS, W. D. JESSEE for appellant.

WALLACE & HARRIS for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

Richard Hieber brought this suit against the Central Kentucky Traction Company to recover for personal injuries received by him. The court sustained a general demurrer to his petition. He then filed an amended petition. The court sustained the demurrer to his petition as amended, and he failing to plead further, dismissed the action. He appeals.

These facts were alleged in the original petition: The defendant is a Kentucky corporation conducting an electric railway upon the turnpike known as the Frankfort, Lexington and Versailles turnpike road. On November 5, 1907, and for many years prior thereto Hieber was engaged in the occupation of blacksmith and horse shoer on the turnpike, and on that day and for some months prior thereto the defendant operated a rock quarry in which it blasted and crushed rock upon land adjacent to its right of way "near the plaintiff's blacksmith shop and place of business;" that the defendant and its servants well knew and by the exercise of ordinary care should have known plaintiff's occupation and the location of his place of business, and that he was daily, constantly and habitually engaged in shoeing various horses of every disposition and temper for the public generally that would reasonably be frightened by the reports of the blast made by the defendant in the quarry; that the plaintiff would thereby be placed in a position of great danger whenever such blasts should occur; that on November 5th, well

knowing these facts, while the plaintiff was in the usual position of his trade underneath a mare engaged in shoeing her the defendant negligently without notice to him set off various blasts of heavy explosives in the quarry in quick succession creating loud noises calculated to frighten the mare and which did frighten her so that she plunged and reared and jerked and wrenched the plaintiff, seriously injuring him to his damage in the sum of $12,000.00.

In sustaining the general demurrer to the petition containing these averments, the circuit court followed Mitchell v. Prange, 110 Mich. 78, 34 L. R. A. 182. That case was similar to this. The court pointed out the fact that there it was not averred that the charge was excessive, and in concluding its opinion said:

"Nor do we think the defendants negligent in not taking measures to apprise the plaintiff of the intended blast. It appears that they did take precautions to warn passers-by within a reasonable distance, but it would hardly be reasonable to expect them to give notice to every one who resided or worked within a radius of 500 feet, especially after the business had been going on to the knowledge of such persons for several weeks. The plaintiff knew that the blasting was a common occurrence, and to be expected at any minute. This did not deter him from attempting to shoe the horse. He did not know when the blast was coming, and, if the defendants knew that he had a blacksmith shop in the vicinity, they did not know that he would have the foot of a spirited horse in his lap. Both were engaged in lawful acts, and upon this record the injury appears to be a casualty, which is not ascribable to the defendant's neglect of duty.

Meeting these objections the plaintiff in his amended petition, averred that the defendants in the various blasts complained of, used an improper, unusual and excessive amount of explosive material, and negligently exploded the blasts without notice; that prior thereto he had notified it of the dangers to which he was subjected by the blasts and requested it to notify him when the blasts were to be exploded, so that he could avoid the danger; that thereafter the defendant did habitually notify him when it intended to fire a blast, but on the occasion in question, it neglected to give him notice, and fired the blast at an unusual and unaccustomed time of the day when the plaintiff could not and did not know

or expect it to be fired, by reason of which he was injured.

We do not see that these averments are sufficient to make out for the plaintiff a cause of action, and while these matters are referred to in the opinion of the court in Mitchell v. Prange, we do not understand that the court rested its judgment on them. The opinion seems to be rested on the broader ground that both the parties were engaged in lawful acts, each upon his own premises, and that the injury was a mere casualty. In the case at bar while the plaintiff alleges that the quarry was near the blacksmith shop, he does not state how near, and from all that appears, it may have been further from it than in the case referred to. If the defendant used in its quarry an excessive amount of explosive, and by reason of this, hurt some one, it would be liable. But any amount of explosive which is sufficient to blast rock will cause a vibration of the air, and make a report. A neighboring proprietor cannot complain of the amount of explosive used unless it does him some damage. The rule, as we understand it, it is thus stated in Henry Hall's Sons Co. v. Sundstrom & Stratton Co., 139 N. Y. Supra 391.

"Blasting upon one's own premises or upon the premises of another, with permission of the owner. if necessary for the improvement thereof, is not an unlawful act. Such blasting necessarily causes vibration of the earth and air to a greater or less extent. Such vibrations cannot be confined within inclosed limits. Hence it must follow that if rightfully and not negligently caused, even though consequential injuries result therefrom, the sufferer is without remedy. Benner v. Atlantic Dredging Company, 134 N. Y. 156, 31 N. E. 328. 17 L. R. A. 220, 30 Am. St. Rep. 649, Booth v. R. W. & O. T. R. R. C. 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Holland House Company v. Baird, 169 N. Y. 136, 62 N. E. 149; Miller v. Twiname, 129 App. Div. 623, 114 N. Y. Supp. 151. But when the results of blasting are not consequential but direct, when dirt and stones are cast upon the premises of another, so that there is an actual physical invasion thereof, the question of negligence or want of skill is wholly immaterial. Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279, Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Page v. Dempsey, 184 N. Y. 245, 77 N. E. 9."

The defendant had the same right to blast rock on its premises as the plaintiff had to shoe horses on his. No

blacksmith is continually shoeing a horse or underneath it. If the explosion of the blasts was calculated to make the plaintiff's work of shoeing the mare dangerous, it was incumbent on him to inform himself when blasts were to be fired. It would be an unreasonable rule to require the person doing the blasting to inform all the adjoining proprietors when he was about to set off a blast for fear it might frighten some animal, and thus place some of them in peril. The request of the plaintiff that the defendant should give him notice did not impose upon it the burden of doing so. It is not alleged in the petition that the defendant knew that the plaintiff was in a perilous position, and that to fire the blast would endanger his safety; the petition proceeds upon the idea that it was incumbent upon the defendant to give notice to the plaintiff of the intended blasts under all circumstances, and that he was under no obligation to keep himself informed in regard to the blasts when he put himself in a position where he would be imperilled if a blast was fired while he was so engaged.

It has been held that blasting which causes unpleasant concussions of the air and shaking of the ground rendering adjoining property untenantable, is a nuisance for which damages may be recovered. (See Gossett v. Southern R. R. Co. 1 L. R. A. N. S., 97) On the other hand the general rule is that one engaged in blasting on his own property is not liable for mere concussion of the air not resulting in actual injury; thus, in Bessemer, et al Co. v. Doak, 12 L. R. A. N. S., 389, the court said:

"We think that according to the best-considered decisions, the rule is that if one, in blasting upon his own lands, invades the premises of his neighbor, by throwing stones and debris thereon, he is liable for the resulting injury; but for any other injury, such as may result from the mere concussion of the atmosphere, sound or otherwise, there is no liability, unless it is shown that the work was done negligently, and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care."

There is nothing in the petition before us showing that the blasting in question was not done according to the usual methods and with reasonable care. All its averments may be true and yet the defendant may have been prosecuting its work of getting out the rock as such work is usually done. The plaintiff's case is not strengthened by the averment that on previous occasions the de-

fendants had given him notice when blasts were to be fired; for it owed him no duty to give him such notice and the fact that it had voluntarily done so did not impose upon it the duty to continue doing so. The fact that the defendant voluntarily did for a season what it was not required to do is not sufficient to impose a liability on it. The rule that where a private crossing has been treated by a railroad company as a public crossing, it will be held liable if the proper signals are not given of the approach of a train, has no application; for there the train itself does the injury. Here there was no injury done by the blasting; the injury was inflicted by the horse, and the case would not be different if the horse had been frightened by one of the defendant's cars running past the shop without notice of its approach, when it was usual for the cars to give notice of their approach to a crossing near by. In such an action it would add nothing to the petition to aver that the car ran unusually and excessively fast and made great and unnecessary noises. The result that happened here would have followed a sudden clap of thunder or any like noise on adjacent property while the plaintiff was under the mare. The plaintiff does not show that the blasting was a nuisance or objectionable in any way except that it was fired when he was under the mare without notice to him. There is no greater liability for the noise made in blasting than for any other like noise lawfully made by one on his own premises. The defendant's duty to the plaintiff was precisely the same as every proprietor owes to every neighbor, when in his lawful business a noise is made on his land. The defendant is no more liable to the plaintiff than any neighbor would be who cut down a tree and so frightened the mare while he was shoeing her.

Judgment affirmed.

DISSENTING OPINION BY JUDGE NUNN.

I must dissent from the opinion rendered in this case. I agree that a person may use his own property as he wishes, having due and proper regard for the rights and privileges of others. According to the pleadings, appellee knew that appellant was engaged in a lawful business on his premises, and that at most any moment he might have a horse's **foot upon his knee** and to fire the blast without notice would, in all probability cause him serious injury. Under the circumstances it was appellee's duty

to, by some means, give appellant and others near by engaged in a lawful occupation, notice of the intended blast, that they might by the use of ordinary care, protect themselves. Especially is this true when at appellant's request, appellee had theretofore given him such notice until the occasion complained of. And, if appellee had the right to fire the blast without notice, as stated in the opinion, its habitual conduct in giving the notice had induced appellant to believe that the blast would not be made without notice, and appellee had no right to change its conduct in this respect without previous notice to appellant.