## Campbell et al. v. Adams et al.

(Decided February 22, 1929.)

WOOTTON & WOOTON for appellants.

W. A. STANFILL and I. A. BOWLES for appellees.

Opinion of the Court by Commissioner Tinsley—Affirming.

This is an action to recover damages for an alleged trespass upon an injury to real estate. The appellants own four lots in the city of Hazard, Ky., upon each of which they erected a small dwelling house. These lots are situated on a hillside, abutting a hollow down which flows a branch called "Susan Eversole" branch, so named for the former owner of the property. Appellants claim that these lots extend to and border on this branch.

In the petition it is alleged that appellees wrongfully and without right entered upon these four lots and dug ditches and trenches thereon, and, by careless and negligent blasting, threw rocks and debris upon their lands and houses and injured the walls and foundations thereof, caused one of the houses and its chimney to fall, and caused their tenants to remove from said house—all to their damage in the sum of $2,000.

After denying the allegations of the petition, appellees alleged that the city of Hazard contracted with appellees Adams and Langford to construct and lay a sanitary sewer in and along Spring street, in the city of Hazard, according to plans and specifications therefor prepared by engineers employed by the city for the purpose; that the construction complained of was wholly within and upon Spring street in said city, and that any blasting done by them in the prosecution of said work was done according to the usual methods for doing such work and with reasonable care; that Spring street runs up the hollow abutting appellants' lots and includes within its lines the Susan Eversole branch, and that appellants' lots abut the street and do not extend to the branch.

The affirmative allegations of the answer were controverted of record. The trial resulted in a verdict for the defendants, and plaintiffs have appealed, insisting: (1) That the proof shows that the sewer was constructed on their land without their consent; and (2) that instructions Nos. 1 and 2 given by the court are erroneous.

I. The proof shows conclusively that Spring street, in the city of Hazard, embraces the Susan Eversole branch; that the lots belonging to appellants are within and a part of a subdivision of that city established by J. D. Davis, appellants' predecessor in title, who caused the land to be laid off into lots and streets, and a map thereof made and recorded in the clerk's office of the Perry county court, and established Spring street as a street of that subdivision, and sold the lots claimed by appellants in accordance with that map and as abutting on that street. The deed under which appellants claim calls for Spring street as an abuttal of their lots. The establishment of said subdivision, by the recording of the map thereof and sale of lots in accordance with the map, is sufficient dedication of Spring street to public use; and the city of Hazard was authorized to enter on this street and construct a sewer thereon for the public convenience and benefit. Schneider, etc., v. Jacob, etc., 86 Ky. 101, 5 S. W.

350; Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905.

II. Appellants' testimony shows that some time after the work of constructing the sewer had been completed, the foundation supports of the upper one of appellants' houses—the house farthest up the hill—gave way, and the house fell therefrom and the chimney thereto fell with it; the foundation supports of the house next below the upper house were leaning; and in the house next below that one there were two holes in the roof, a hole in the floor, and one window broken. No witness undertakes to say what caused these conditions, or that blasting caused them. The only evidence on behalf of appellants that there was any blasting at all in the construction of this sewer, is the evidence of J. D. Davis, who was asked, "Describe what was done back there," and he answered. "They blasted a channel up the branch three or four feet deep and laid tile."

The complaint as to instructions Nos. 1 and 2 given by the court is that the court did not submit to the jury the question of the direct damage resulting to their houses and lands from the throwing of rock and debris thereon, but submitted to the jury only the question of the damages, if any, resulting from the negligence or carelessness, if any, of appellees in their blasting operations.

It is well settled in this jurisdiction that where blasting operations result in a direct trespass upon the premises injured by casting rock, dirt, or other debris thereon, the liability of the one causing the injury is absolute, and he must respond in damages irrespective of the question of negligence or want of skill. Langhorne v. Turman, 141 Ky. 809, 133 S. W. 1008, 34 L. R. A. (N. S.) 211; Lexington & E. R. Co. v. Baker, 156 Ky. 431, 161 S. W. 228; Adams v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268. But a careful examination of the record discloses there was not a word of testimony or an intimation in the testimony in this case that any rock or debris whatever was thrown on either of appellants' lots or houses, or that the hole in the roof or the hole in the floor or the broken window of one of the houses was caused by, or was the result of appellees' blasting. Obviously, when an allegation of direct trespass is put in issue, there must be some evidence upon the part of the plaintiff to show a trespass upon his property and the injury resulting therefrom. The court is not required to instruct upon

an issue where there is a total absence of testimony to sustain it, Bowlin v. Archer, 157 Ky. 540, 163 S. W. 477.

Since no direct damage by the throwing of rock or debris upon appellants' land or houses was shown, the only recovery they were entitled to was such damage to their property as resulted from appellees' negligence and carelessness in their blasting operations; and the burden was upon appellants to show such negligence or a lack of care. In the case of Gibson v. Womack, 218 Ky. 626, 291 S. W. 1021, 51 A. L. R. 773, we said: "This court has adopted the rule . . . that a consequential injury caused by blasting resulting from the concussion of the atmosphere, sound or otherwise, gives no cause of action against the one doing the blasting unless it is shown that the work was done negligently and that the injury was the result of negligence and not the result of blasting according to the usual methods and with reasonable care."

Among other cases so holding are Heiber v. Central Kentucky Traction Co., 145 Ky. 108, 140 S. W. 54, 36 L. R. A. (N. S.) 54; Adams v. Sengel, supra.

Inasmuch as there was no evidence on behalf of the appellants tending in the remotest degree to show that there was any negligence or carelessness upon the part of appellees in their blasting operations, and no evidence at all that the damage to their houses was caused by the blasting, appellees were entitled to a peremptory instruction at the conclusion of appellants' testimony in chief. Their motion for such an instruction, however, was overruled; and they then introduced evidence showing that, prior to the commencement of the sewer construction, a wet weather spring had broken from the ground on appellants' upper lot, from a point very near the chimney of the house on that lot, and that a large crack two inches wide had broken across the face of the hill just above the house, and that the ground from this crack subsequently slipped down the hill; and that this house was unoccupied at the time and during the whole period the construction work was going on. It is appellees' theory of the case that this spring, crack, and slip caused the damage complained of, since they further showed that the blasting done by them was from small shots of 1½ inches dynamite, and that each shot, before being fired, was covered with a matress of green logs and cross-ties, chained together, and that these were the usual and customary

means used to prevent damage in blasting operations. This evidence of appellees was not contradicted.

In the absence of evidence tending to connect the damage to appellants' property with appellees' blasting operations, it cannot be said that appellees' evidence helped to make out appellants' case or strengthened their evidence, except, probably, to establish the fact that there were blasting operations and that appellees did the blasting.

It follows therefore that instructions Nos. 1 and 2 were more favorable to appellants than they were entitled to; and the verdict for appellees thereunder should not be disturbed.

Wherefore the judgment is affirmed.